IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR No.: 0:98-1126-JFA |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| RAWLE ANTHONY COLE | ) | |
| _____ | ) | |

Upon motion of the defendant under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at U.S.S.G. § 1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

IT IS ORDERED that the defendant's motion (ECF No. 800) is denied. Amendment 750 has no impact on the defendant's guideline range because under the new guidelines, the defendant would face a total offense level of 40 (34 base level, plus 2 levels for firearm, plus 4 levels for role). Coupled with a criminal history category of III, the defendant's new guideline range would be 360 months to life on Count 1. This exceeds the defendant's current sentence of 240 months on Count 1. Thus, Amendment 750 affords no relief to the defendant.

As the court was about to file this order, the defendant filed a motion (ECF No. 822) requesting that this court delay its review of his case under the new crack amendment. Finding no good reason for postponement of the matter, the defendant's motion to defer ruling is denied.

IT IS SO ORDERED.

September 6, 2012                    Joseph F. Anderson, Jr.
Columbia, South Carolina           United States District Judge