IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| UNITED STATES OF AMERICA | ) | CR No.: 0:98-1126-JFA |
|---|---|---|
| | ) | |
| v. | ) | ORDER |
| | ) | |
| ADRIAN HOWARD JACKSON | ) | |
| | ) | |

The defendant has filed a pleading captioned "Motion Pursuant to Rule of Civil Procedure 52(b) Amended or Additional Findings." He seeks to correct this court's amended judgment entered on June 18, 2012 in his criminal case. He argues that in granting his earlier motion to reduce his sentence under 18 U.S.C. § 3582 and Amendment 750 to the United States Sentencing Guidelines, this court erred when it allowed his amended sentencing range to remain enhanced by four levels for his role in the offense, as was part of his original sentence in 2000. The government has responded in opposition to the motion.

Rule 52(b) of the Federal Rules of Civil Procedure states that "on a party's motion filed no later than 28 days after the entry of judgment, the court may amend its findings—or make additional findings—and may amend the judgment accordingly." The Federal Rules of Civil Procedure govern the procedures in all civil actions and proceedings in the United States district courts, except as stated in Rule 81. A review of Rule 81 does not provide an exception that permits Rule 52(b) to apply to an amendment to a criminal judgment.

Despite the defendant's erroneous reliance on Fed. R. Civ. P. Rule 52(b), the defendant's instant motion essentially seeks reconsideration of this court's earlier grant of his § 3582 motion under Amendment 750. The defendant's first motion to reduce (ECF No.

1

741) was granted by this court on June 18, 2012 (ECF No. 813) after the court found that Amendment 750 applied to his sentence with regard to his crack offense under the Guidelines.

As an initial matter, under *United States v. Goodwyn*, 596 F.3d 233 (4th Cir. 2010), this court is without authority to consider a second § 3582 motion *or* a motion for reconsideration of the initial order granting or denying a reduction under Amendment 750. Moreover, even if this court did have authority to consider the motion to reconsider, it could not further reduce his sentence for role in the offense because Amendment 750 only applies to the policy statements relating to crack cocaine; it does not apply to any adjustments made under Chapter Three. Therefore, the leadership role enhancement pursuant to U.S.S.G. § 3B1.1 considered at the original sentencing remains applicable in determining the guideline range.

Accordingly, the defendant's motions to reconsider (ECF No. 816 and 817) are denied.

IT IS SO ORDERED.

January 28, 2013  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge